IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH CHI-CHOI WONG, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:14-cv-02321 |
| CHERRY LINDAMOOD, | ) Senior Judge Haynes |
| Respondent. | ) |

MEMORANDUM

Petitioner, Joseph Chi-Choi Wong, a state prisoner, filed this *pro se* action for the writ of habeas corpus under 28 U.S.C. § 2254. (Docket Entry No. 1.) At the Court's direction, Petitioner submitted an amended petition (Docket Entry No. 6), that incorporates by reference the original petition. Petitioner has paid the $5.00 filing fee.

After the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If so, the petition must be summarily dismissed. *Id.* After undertaking this review, the Court finds that the instant petition must be dismissed because it plainly appears from Petitioner's submissions that relief is barred by the statute of limitations.

Petitioner's petition is governed by 28 U.S.C. § 2244, that establishes a one-year statute of limitations for filing a federal habeas petition, running from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." *Id.* § 2244(d)(2). However, the tolling provision does not "revive" the limitations period (*i.e.*, restart the clock); it can only serve to pause a clock that has not yet fully run. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 609 (6th Cir. 2013).

The statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010), but the equitable tolling doctrine is used "sparingly," *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citation omitted), and applies "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Ata*, 662 F.3d at 741 (citation omitted).

Here, Petitioner does not allege that he is in possession of newly discovered evidence or that he is entitled to the retroactive application of a newly recognized constitutional right.

Petitioner's petition may be reasonably construed as arguing that if § 2244(d)(1)(A) applies and the statute of limitations runs from the date his conviction became final on direct review, that he is entitled to equitable tolling based on the ineffective assistance of appellate counsel. Alternatively, Petitioner argues that a state-created impediment, namely ineffective assistance of counsel, prevented him from filing a timely federal habeas petition. For tolling, Petitioner also asserts that he is factually innocent of the crimes of conviction. None of these arguments has merit.

Petitioner was convicted and sentenced in 2002 on charges of promoting prostitution and money laundering. (Docket Entry No. 6, at 1.) The conviction was affirmed on direct appeal in 2004. *State v. Wong*, No. M2003-00504-CCA-R3-CD, 2004 WL 1434384 (Tenn. Ct. Crim. App. June 25, 2004), *perm. appeal denied* (Tenn. Dec. 6, 2004). Petitioner did not seek review from the United States Supreme Court, and the deadline for doing so was ninety days after the Tennessee Supreme Court denied review. Sup. Ct. R. 13. Consequently, Petitioner's conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on Monday, March 7, 2005. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) ("[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts and to this has been exhausted." (internal citations and quotation marks omitted)). If the statute of limitations runs from the following day, it expired a year later, on March 7, 2006, unless the petitioner can establish some basis for tolling, equitable or otherwise.

Petitioner filed his state post-conviction petition, seven years after that one-year period had expired, on June 19, 2013. *Wong v. State*, No. M2013-01684-CCA-R3-PC, 2014 WL

1369756, at *1 (Tenn. Crim. App. April 7, 2014), *perm. appeal denied* (Tenn. Aug. 29, 2014).[1] Although the federal habeas limitations period is tolled during the pendency of "a properly filed application for State post-conviction" review, 28 U.S.C. § 2244(d)(2), the filing of a state post-conviction petition cannot restart the running of the limitations period where, as here, the petition was filed after the federal limitations period had already expired. *Vroman*, 346 F.3d at 602.

Here, the state trial and appellate courts found that Petitioner's state post-conviction petition was not "properly filed," as barred by the state's one-year statute of limitations. Tenn. Code Ann. § 40-30-102(a). In its decision, the Tennessee Court of Criminal Appeals addressed Petitioner's argument for equitably tolling for his attorney's alleged failure to inform him that the Tennessee Supreme Court had denied his application for review. The Tennessee appellate court rejected that argument, noting that the state statute of limitations had begun to run in 2004, but Petitioner did not pursue post-conviction relief until 2013. Thus, Petitioner had failed to "allege that he ha[d] been diligently pursuing his rights or that an extraordinary circumstance prevented him from timely filing his post-conviction petition." *Wong v. State*, 2014 WL 1369756, at *3 (citing *Whitehead v. State*, 402 S.W.3d 615, 629–31 (Tenn. 2013)).

Petitioner argues here, as in the state court, that the limitations period should be equitably tolled based on his appellate attorney's failure to inform him of the date when the state supreme court denied his application for permission to appeal. A petitioner may be entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some

---

[1] Petitioner asserts that he filed the petition on June 23, 2013. (Docket Entry No. 6-2, at 6.) Construing all possible inferences in his favor, the Court presumes that the petition was filed on the date stated in the Tennessee appellate court's opinion, June 19, 2013. This four-day difference, however, does not effect the resolution of this action.

extraordinary circumstance stood in his way' and prevented timely filing.'" *Ada v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, after the Tennessee Court of Criminal Appeals affirmed his conviction on June 25, 2004, the public record reflects that Petitioner filed a timely application for permission to appeal to the Tennessee Supreme Court on August 24, 2004. *See* www2.tncourts.gov/PublicCase History/CaseDetails.aspx?id=15555& Party=True (last accessed Jan. 27, 2014). Petitioner states that he did not discover that the Tennessee Supreme Court had denied his application for permission to appeal until June 27, 2012. (Docket Entry No. 6-2, at 5.) Even if the Court accepts this assertion as true, and also accepts as true Petitioner's assertion that his appellate counsel's performance was constitutionally deficient insofar as he failed promptly to apprise his client of the Tennessee Supreme Court's decision, these facts do not establish either that Petitioner pursued his rights diligently or that extraordinary circumstances prevented timely filing.

Although attorney negligence may be a basis for equitable tolling, Petitioner must also establish his diligence in ascertaining the federal habeas filing deadline. *Holland*, 560 U.S. at 649. Petitioner does not make any showing of his diligence. Petitioner does not describe any efforts during the intervening eight years to inquire about his state application or to protect his rights. Petitioner does not suggest any extraordinary circumstance prevented him from doing so. The fact of his incarceration during that period does not constitute an "extraordinary circumstance" that prevented him from pursuing his rights. *Cf. Beard v. Ohio*, No. 2:11-cv-823, 2013 WL 12812929 (S.D. Ohio March 27, 2013). In short, Petitioner has not established a basis for equitable tolling of the statute of limitations.

If the limitations period in § 2244(d)(1)(A) applies, the statute of limitations for filing a

federal habeas petition expired in March 2006, and Petitioner has not shown that he is entitled to equitable tolling for any period of time. Petitioner also contends that the limitations period established in 28 U.S.C. § 2244(d)(1)(B) applies, on the grounds of an impediment to filing his petition created by state action, namely his attorney's failure to provide him with timely notification of the state supreme court's denial of his petition for review. Petitioner asserts that the "impediment to filing an application created by State action . . . was removed" on June 27, 2012, because it was on that date that he received a copy of the state supreme court's order denying his petition for review. (Docket Entry No. 6-2, at 5.)

To be entitled to tolling of the one-year limitations period under section 2244(d)(1)(B), a petitioner must show the existence of a state-created impediment and a causal link between that impediment and the delay in filing the habeas corpus action. *See Colwell v. Tanner*, 79 F. App'x 89, 93 (6th Cir. 2003) ("Not only must the state impede the petitioner in some fashion, but also that obstruction must cause the untimely filing of the petition."); *Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) ("Section 2241(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition." (citation and quotation marks omitted)).

The alleged "impediment" in this case is ineffective assistance of appellate counsel, in the form of counsel's failure to apprise his client of the state supreme court's denial of his application for review. In an unpublished opinion, the Sixth Circuit held that the ineffective assistance of appellate counsel may in some circumstances constitute state action. *Winkfield*, 66 F. App'x at 582-83 (6th Cir. 2003) (concluding that the petitioner failed to show a causal connection between the petitioner's counsel's ineffectiveness and the petitioner's ability to file a

federal habeas petition before the limitations period expired). Here, although Petitioner alleges that his counsel ineffectively failed to notify him that the state supreme court had denied his appeal, Petitioner does not allege that his counsel actively misled him or "erroneously informed him that he had no federal remedies." Id. at 583. Thus, Petitioner fails to show a causal relationship between his counsel's alleged ineffectiveness and his untimely filing of his federal habeas petition many years later.

Moreover, even if the Court accepted, for purposes of this initial review, Petitioner's dubious assertion that the limitations period did not begin running until June 27, 2012 based on a state-created impediment to filing, *and* that it was tolled under 28 U.S.C. § 2244(d)(2) for the period of time that his delayed post-conviction petition was pending in the state courts, his federal habeas petition would still barred by the one-year statute of limitations in § 2244(d)(1).

Petitioner admits that he learned of the Tennessee Supreme Court's denial of his petition for review on June 27, 2012. (Docket Entry No. 6-2, at 5). Therefore, under his theory, the latest possible date on which the statute of limitations began to run was on June 28, 2012, and continued running until Petitioner filed his state post-conviction petition on June 19, 2013. The filing of the petition, in theory, would have tolled the statute of limitations at that time, but with only eight days remaining of the one-year period. The Tennessee Court of Criminal Appeals affirmed the denial of Petitioner's post-conviction petition on April 7, 2014 and the Tennessee Supreme Court denied permission to appeal on August 29, 2014. *See Wong*, 2014 WL 1369756, at *1. Assuming that the limitations period was tolled while Petitioner's state post-conviction proceedings were pending, the period began running again on August 30, 2014. At the most, eight days remained of the limitations period, giving Petitioner until Monday, September 8, 2014

to file his federal habeas petition. The petition was not filed in this Court, however, until November 26, 2014, almost three months later. Petitioner does not offer any explanation for waiting nearly a year between finding out the Tennessee Supreme Court had denied permission to appeal and filing his state post-conviction petition, nor does he explain why he waited three more months after the Tennessee Supreme Court denied review before filing in this Court. Thus, Petitioner's federal habeas petition is time barred under § 2244(d)(1)(B) as well.

Finally, Petitioner argues that he should be entitled to relief because he is factually innocent and seeks a hearing.

A habeas petitioner may be eligible for equitable tolling if he demonstrates actual innocence, such that a court's refusal to consider his habeas petition due to untimeliness would cause a fundamental miscarriage of justice. *Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)). The standard for establishing a viable claim of actual innocence is very stringent, however. Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Patterson*, 455 F. App'x at 609. To make out a credible claim of actual innocence, Petitioner must present new reliable evidence—exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was unknown or unavailable at the time of his trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Patterson*, 455 F. App'x at 609. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *Patterson*, 455 F. App'x at 609. The actual-innocence exception is narrow and rarely applied, and claims of

actual innocense are rarely successful. *Schlup*, 513 U.S. at 321, 324.

Thus, to overcome the statute of limitations bar, Petitioner must present new reliable evidence and facts that raise sufficient doubt about his guilt to undermine confidence in the outcome of the criminal proceeding in the Tennessee state courts. *Schlup*, 513 U.S. at 317; *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005). Petitioner has not presented any new evidence, much less reliable evidence, that was unknown or unavailable at the time of his trial. Without submitting new reliable evidence obtained after conclusion of the trial showing that he is factually innocent, equitable tolling is not available based on the actual-innocence equitable-tolling doctrine.

In sum, the instant petition is barred by the statute of limitations, and has not established that the limitations period should be equitably tolled for any period of time. The petition will therefore be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

Because reasonable jurists would not debate the timeliness of the petition, the Court will not issue a certificate of appealability.

An appropriate order is filed herewith.

**ENTERED** this the 13th day of February, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge